Case 4:22-cv-00904   Document 15   Filed on 12/16/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
December 16, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA C.,[1] | § § § | |
| *Plaintiff,* | § § | |
| | § | No. 4:22-cv-0904 |
| v. | § § | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | § § § § § | |
| *Defendant.* | § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Angela C. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act ("the Act").[2] Plaintiff filed a motion for summary

---

[1] The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2] On July 13, 2022, the district judge before whom this case is pending referred it for all pretrial purposes pursuant to 28 U.S.C. § 636(b)(1). Order, ECF No. 8. The Plaintiff's motion for summary judgment and Defendant's motion to reverse and remand are appropriate for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

judgment, Pl.'s MSJ, ECF No. 10. Plaintiff seeks an order remanding the case for an award of benefits or further consideration, arguing the ALJ failed to apply the appropriate legal standard in consideration of Plaintiff's post-onset work, the ALJ failed to evaluate evidence from November 2020 when Plaintiff was terminated through the date of the ALJ's decision, the ALJ incorrectly stated the only residual symptoms Plaintiff experienced were exertional, and the ALJ and Appeals Council judges were improperly appointed. Pl.'s MSJ Brief, ECF No. 11. Defendant does not address Plaintiff's arguments but requests the Court reverse and remand the case to the Commissioner. Def.'s Mot., ECF No. 14. Plaintiff does not oppose Defendant's motion. ECF No. 14 at 2. Based on the record and the applicable law, the Court recommends Defendant's motion to reverse and remand should be granted.

## I. BACKGROUND

Plaintiff is 51 years old, R. 572,[3] and has a college education. R. 576, 841. Plaintiff worked as a patient coordinator and office manager. R. 842. Plaintiff alleges a disability onset date of March 19, 2019. R. 841. Plaintiff claims she suffers physical and mental impairments. R. 840.

On April 16, 2019, Plaintiff filed her application for disability benefits and Social Security income under Titles II and XVI of the Act. R. 12, 814–26. Plaintiff based her application on a stroke, chronic fatigue, anemia, high blood pressure,

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 7.

insomnia, and depression. R. 840. The Commissioner denied her claim initially, R. 633–34, and on reconsideration, R. 655–58.

Pursuant to Plaintiff's request, two hearings were held before an Administrative Law Judge ("ALJ"). R. 570–604, 605–10. At the initial hearing, the ALJ decided to postpone the hearing due to technological issues. R. 607–08. An attorney represented Plaintiff at both hearings. R. 570, 605. Plaintiff and a vocational expert ("VE") testified at the second hearing. R. 570. The ALJ issued a decision denying Plaintiff's claims for benefits.[4] R. 9–23. The Appeals Council denied Plaintiff's request for review, affirming the ALJ's denial of benefits. R. 1–6. Plaintiff filed this action, appealing the determination. ECF No. 1.

## II.   REMAND IS APPROPRIATE.

Defendant requested the Court reverse and remand the ALJ's decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings and enter a final judgment. ECF No. 14 at 1–2. Defendant represents Plaintiff does not oppose the motion. ECF No. 14 at 2.

A district court, reviewing final agency decisions on Social Security benefits,

---

[4] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step one. R. 14-16. At step one, the ALJ found that Plaintiff engaged in substantial gainful activity since her alleged onset date of March 19, 2019, R. 12, during December 2019 through March 2020 and July 2020 through November 2020. R. 14 (citing 20 C.F.R. 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*). Accordingly, the ALJ found Plaintiff's impairments had not limited her ability to work for 12 months, as would be required for the ALJ to find her disabled. R. 15-16. Therefore, the ALJ concluded that Plaintiff was not disabled. R. 16.

may remand only pursuant to sentence four[5] or sentence six[6] of § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). A sentence four remand "authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting § 405(g), sentence four) (quotations removed). Also, for a sentence four remand, the district court has the power to enter the order "upon the pleadings and transcript of record." 42 U.S.C. 405(g). "The Supreme Court has noted that a remand for further administrative proceedings, such as the requested remand in the instant case, is a sentence four remand." *Fitzgerald v. Kijakazi*, No. 7:21-CV-00148, 2022 WL 1037461, at *4 (S.D. Tex. Mar. 29, 2022), *report and recommendation adopted*, No. CV M-21-148, 2022 WL 1028074 (S.D. Tex. Apr. 5, 2022) (where the defendant requested reversal and remand for further administrative proceedings (citing *Shalala*, 509 U.S. at 298; *Sullivan v.*

---

[5] Sentence four provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g), sentence four.

[6] Sentence six provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g), sentence six. A sentence six remand "may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala*, 509 U.S. at 297 n.2 (citing § 405(g), sentence six). Because the Commissioner already answered, ECF No. 6, and has not presented any new evidence, ECF No. 11, sentence six is not applicable here.

*Finkelstein*, 496 U.S. 617, 626 (1990))). A sentence four remand requires entry of a judgment. *Id.* (citing *Shalala*, 509 U.S. at 297-98; *see Luna v. U.S. Dep't of Health & Human Servs.*, 948 F.2d 169, 172 (5th Cir. 1991)).

Here, Defendant requests reversal and remand "for further administrative proceedings." ECF No. 14 at 1. A request for reversal and remand based on a request for further administrative proceedings is equivalent to the need for further factfinding and is thus proper pursuant to § 405(g). *Fitzgerald*, 2022 WL 1037461, at *4. Therefore, pursuant to § 405(g), reversal and remand are proper along with entry of a final judgment. *See Fitzgerald*, 2022 WL 1037461, at *4 (finding reversal and remand proper along with entry of a final judgment, pursuant to § 405(g)); *accord Teresa F. v. Kijakazi*, No. 4:21-CV-0459, 2022 WL 17586026, at *2 (S.D. Tex. Oct. 28, 2022), *report and recommendation adopted sub nom. Fulks v. Saul*, No. 4:21-CV-00459, 2022 WL 17586292 (S.D. Tex. Dec. 9, 2022) (same); *Huda I. v. Kijakazi*, No. 4:22-CV-0707, 2022 WL 17586027, at *2 (S.D. Tex. Oct. 28, 2022), *report and recommendation adopted sub nom. Ibrahim v. Kijakazi*, No. 4:22-CV-00707, 2022 WL 17586020 (S.D. Tex. Dec. 12, 2022) (same); *Judge H. v. Comm'r of Soc. Sec.*, No. 4:21-CV-3595, 2022 WL 16577317, at *2–3 (S.D. Tex. Oct. 31, 2022) (same).

## III.  CONCLUSION

The Court **RECOMMENDS** that Defendant's motion to reverse and remand, ECF No. 14, should be **GRANTED**. Accordingly, the Court recommends the Commissioner's determination that Plaintiff is not disabled should be **REVERSED**. This case should be **REMANDED** to the Commissioner for further proceedings. It is further recommended that Plaintiff's Complaint, ECF No. 1, be **DISMISSED without prejudice** and Plaintiff's motion for summary judgment, ECF No. 10 be **DENIED** as moot. And that the Court enter a final judgment.

The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

**SIGNED** at Houston, Texas, on December 16, 2022.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**