United States District Court
Southern District of Texas

**ENTERED**

June 28, 2023

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA C.,[1] | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 4:22-cv-0904 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | § § § § | |
| *Defendant.* | § § § | |

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Pending before the Court is Plaintiff Angela C.'s ("Plaintiff") motion for attorney's fees and costs. ECF No. 19.[2] The Commissioner of the Social Security Administration ("Commissioner") does not oppose the motion but asks the Court to designate the requested $402 filing fee as a cost, rather than a fee, to be paid from the Department of Justice's Judgment Fund. ECF No. 21. Based on the briefing

---

[1] The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2] On February 6, 2023, the District Judge to whom this case is assigned referred the motion  under 28 U.S.C. § 636(b)(1)(B). ECF No. 20. The Plaintiff's motion is appropriate for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See Revill v. Comm'r of Soc. Sec. Admin.*, No. 1:18-CV-634, 2021 WL 3463899, at *2 (E.D. Tex. Apr. 23, 2021).

evidence, and applicable law, the Court recommends that Plaintiff's motion should be GRANTED.

## I.      PROCEDURAL OVERVIEW.

On October 31, 2022, Plaintiff filed a motion for summary judgment, requesting judicial review of Commissioner's decision denying her application for disability insurance benefits and supplemental security income. ECF Nos. 10 & 11. On December 14, 2022, Commissioner filed a motion to reverse and remand the case to Commissioner. ECF No. 14. On December 16, 2022, this Court issued a Report and Recommendation recommending Commissioner's motion be granted. ECF No. 15. The District Judge adopted the Report and Recommendation on January 4, 2023, reversed Commissioner's decision that Plaintiff is not disabled and remanded the case to Commissioner. ECF No. 16. The Court entered a Final Judgment on January 17, 2023. ECF No. 18.

Plaintiff filed the instant motion under the Equal Access to Justice Act ("EAJA"), 28 U.S.C § 2412, seeking an award of attorney's fees and costs. ECF No. 19. Plaintiff, in support of her motion, submitted contemporaneous time records for the attorney who worked on the appeal. ECF No. 19-1.

## II.     PLAINTIFF SHOULD BE AWARDED ATTORNEY'S FEES UNDER THE EAJA.

The EAJA permits the recovery of attorney's fees in proceedings for judicial

review of an agency's action. 28 U.S.C. § 2412(d)(1)(A).[3] The statute dictates that attorney's fees not be awarded in excess of $125 per hour, unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. *See id.* § 2412(d)(2)(A)(ii). The court has wide discretion in calculating any increase in the hourly rate. *Mesecher v. Berryhill*, No. 15-CV-859, 2017 WL 4417682, at *1 (N.D. Tex. Oct. 3, 2017); *Chargois v. Barnhart*, 454 F. Supp. 2d 631, 634 (E.D. Tex. 2006). Plaintiff's counsel seeks an hourly fee of $212.00 for 37 hours worked from March 2022 to February 2023,[4] for a total of $7,844.00.[5] ECF No. 19-1.

      Courts must determine whether the fee is reasonable, requiring an examination of the number of hours worked and the rate sought. *Mesecher*, 2017 WL 4417682, at *2. Typically, in cases of this kind, fee applications range from twenty

---

[3] A party is entitled to recover attorney's fees from the United States when, at a minimum, the following four elements are met: (1) he is a prevailing party; (2) he timely files a fee application supported by an itemized statement; (3) the court finds the position of the government, in the administrative proceedings as well as before the Court, was not substantially justified; and (4) no special circumstances make an award unjust. *Perales v. Casillas*, 950 F.2d 1066, 1072 (5th Cir. 1992); *Mesecher v. Berryhill*, No. 15-CV-859, 2017 WL 4417682, at *1 (N.D. Tex. Oct. 3, 2017); *Benoit v. Astrue,* No. H-07-2939, 2008 WL 3928026, at *1 (S.D. Tex. Aug. 27, 2008). Commissioner does not dispute that Plaintiff meets these requirements.

[4] Plaintiff's counsel has his final date entry noted as "2/3/22," but based on a review of the entire time record, the Court determines this to be a typographical error, which should instead reflect February 3, 2023 as the final entry. ECF No. 19-1 at 3.

[5] Plaintiff's attorney actually worked 42.7 hours on the case but seeks compensation for only 37 hours as an exercise of good faith. ECF No. 19 ¶ 5.

to forty hours. *Id.* Here, Plaintiff's attorney seeks to be compensated for 37 hours and has submitted an itemized statement of the hours worked. *See* ECF No. 19-1. Commissioner does not oppose an award for 37 hours. ECF No. 21. Having reviewed the record in the case, the Court finds that the number of hours sought is reasonable and supported.

With regard to the rate, courts routinely use a cost-of-living adjustment based on the Consumer Price Index ("CPI") report compiled by the United States Bureau of Labor Statistics. *E.g.*, *Day v. Comm'r*, No. 16-CV-210, 2017 WL 4922048, at *2 (E.D. Tex. Oct. 31, 2017); *Chargois*, 454 F. Supp. 2d at 634 (collecting cases). Based on the region where services were performed, the court will use as a base rate the average annual CPI for the year the last time the rate changed, and then compare it to the average annual CPI for when the attorney provided the legal services. *Chargois*, 454 F. Supp. 2d at 634; *accord Perales v. Casillas*, 950 F.2d 1066, 1079 (5th Cir. 1992) (instructing the court on remand to "segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). If the CPI increased from the time the rate changed to the time services were performed, "the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase." *Chargois*, 454 F. Supp. 2d at 634.

Here, Plaintiff's counsel claims fees for work performed between 2022 and

2023. The CPI last changed in 1996 ($75 to $125 per hour). In 1996, the annual average CPI for Houston-The Woodlands-Sugar Land, Texas was 142.7.[6]

The hourly rates for the relevant years are as follows:

- For 2022, the CPI for Houston-The Woodlands-Sugar Land, Texas is 258.660. The percentage difference between 1996 and 2022 is 181.26% (258.660/142.7). Therefore, the hourly rate for 2022 is $226.58/hour (181.26% x $125/hour).

- For 2023, there is no annual data available. Consequently, the Court will use the CPI for Houston-The Woodlands-Sugar Land, Texas for the first two months of 2023, which is 263.537. The percentage difference between 1996 and 2023 is 184.68% (263.537/142.7). Therefore, the hourly rate for 2023 is $230.85/hour (184.68% x $125/hour).

In 2022, Plaintiff's attorney worked 40.7 hours. Because Plaintiff's attorney seeks to be compensated for 5.7 hours less than he actually worked, *see* ECF No. 19-1 at 3, the Court reduces his 2022 hours to 35.[7] At $226.58/hour, his fee is $7,930.30.[8]

---

[6] The Court obtained CPI numbers used to calculate Plaintiff's attorney's fees from this chart. *See* Consumer Price Index, All Urban Consumers (CPI-U), Houston-The Woodlands-Sugar Land, Tx, https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited June 15, 2023).

[7] The Court reduces the 5.7 hours from 2022 because this is when the bulk of the work for the case was performed. *See* ECF No. 19-1.

[8] Plaintiff's attorney came to a slightly lower calculation of his fees using a different CPI rate.

In 2023, Plaintiff's attorney worked 2.0 hours. At $230.85/hour, his fee is $461.70. The sum of the fees is $8,392.00. The Court finds that this fee is reasonable for the hours worked. *See Mesecher*, 2017 WL 4417682, at *2; *Day*, 2017 WL 4922048, at *2.

## III.   PLAINTIFF SHOULD BE AWARDED COSTS UNDER THE EAJA.

The EAJA also provides for an award of costs, as defined by those enumerated in 28 U.S.C. § 1920. *See* 28 U.S.C. § 2412(a)(1). Section 1920 lists "[f]ees of the clerk" as a taxable cost, 28 U.S.C. § 1920(1), and thus court filing fees are an appropriate award under the EAJA. *Ybarra v. Astrue*, No. 07-CV-329, 2008 WL 2779291, at *5 (S.D. Tex. July 15, 2008); *see, e.g.*, *Little v. Berryhill*, No. 17-CV-328, 2018 WL 8754166, at *1 (S.D. Tex. Aug. 16, 2018) (awarding Plaintiff the filing fee as a cost), *report and recommendation adopted*, 2018 WL 9991758 (Sept. 19, 2018). Plaintiff is entitled to the $402 filing fee.[9]

## IV.   CONCLUSION.

The Court **RECOMMENDS** that Plaintiff's motion for attorney's fees and costs be **GRANTED**, and Plaintiff should be awarded $8,392.00 in attorney's fees and $402.00 reimbursable costs from the Judgment Fund.

---

Because the totals do not vary significantly, and to promote uniformity in the division, the Court uses the rates as noted above. *See Dickerson v. Comm'r of Soc. Sec.*, No. 4:18-CV-4578, 2020 WL 13597595, at *2 (S.D. Tex. June 23, 2020) (citing *Mesecher*, 2017 WL 4417682, at *2).

[9] This should be paid from the Department of Justice's Judgment Fund, as Commissioner requested. *See Little*, 2018 WL 8754166, at *1 n.2.

The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

SIGNED at Houston, Texas, on June 20, 2023.

_Dena Palermo_
**Dena Hanovice Palermo**
**United States Magistrate Judge**